UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:15-cv-975 |
| | ) |
| THE PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA and | ) |
| THE WASHINGTON POST COMPANY | ) |
| LONG TERM DISABILITY PLAN | ) |
| (PLAN NUMBER 509), | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiff, John Rose, by and through the undersigned counsel, Bridget O'Ryan, files this Complaint against The Prudential Insurance Company of America ("Prudential") and The Washington Post Company Long Term Disability Plan (Plan Number 509) ("the Plan"), and as cause therefore states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, John Rose brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132.

2. John Rose is a resident of Greenwood, Indiana and a citizen of the State of Indiana.

3. The Washington Post Company Long Term Disability Plan (Plan Number 509) is an employee benefit plan administered in the Southern District of Indiana.

4. As a former employee of Kaplan College, Mr. Rose is a participant of The Washington Post Long Term Disability Plan (Plan Number 509).

1

5. Kaplan College is owned by the Washington Post Company.

6. Prudential issued a group insurance policy to the Plan, which promises to pay disability benefits to employees of Kaplan College if they are unable to work due to illness or injury.

7. Venue in the Southern District of Indiana is appropriate by virtue of the Plan being administered in this District.

## II. FACTUAL ALLEGATIONS

8. John Rose worked as an Instructor and Program Chair at Kaplan College ("Kaplan") beginning in July 2010.

9. Mr. Rose was forced to stop working as a result of the debilitating effects of a shoulder injury (post-surgery), neck pain, chronic and severe tinnitus, and severe sleep deprivation. His date of disability is May 7, 2013.

10. When Mr. Rose became disabled, he applied for long term disability benefits that are provided to Kaplan College employees through the Plan and insured by Prudential. Prudential initially approved Mr. Rose's claim for long term disability benefits and made payments through August 22, 2013.

11. On August 22, 2013, Mr. Rose returned to work, but was re-injured on September 20, 2013 when he fell at home due to severe sleep deprivation.

12. On December 18, 2013, Prudential notified Mr. Rose that all benefits beyond August 22, 2013 were denied.

13. Mr. Rose appealed Prudential's decision on December 29, 2013.

14. In response to Mr. Rose's appeal, Prudential paid an additional period of long term disability benefits from September 20, 2013 to November 13, 2013.

15. However, Prudential stated in a letter dated April 25, 2014, that Mr. Rose "no longer meets the definition of disability after November 13, 2013."

16. On March 20, 2015, Mr. Rose once again appealed Prudential's decision to terminate his benefits.

17. Prudential failed to timely render a decision on Mr. Rose's appeal. The ERISA regulations require that a determination on the appeal must be issued within 90 days of receipt of the appeal. Prudential did not meet this deadline. As a result, Mr. Rose's appeal is deemed denied because a decision was not timely rendered; therefore, this Court shall hear this matter *de novo*.

18. Mr. Rose has provided significant medical proof of his disability from his treating physicians, who have repeatedly opined that Mr. Rose is totally disabled from performing any occupation.

19. Despite this proof, the Defendants refuse to pay Mr. Rose his disability benefits. As a result of the denial of benefits, Mr. Rose suffers from serious financial and emotional distress.

### III.  CLAIM FOR RELIEF
### WRONGFUL DENIAL OF EMPLOYEE BENEFITS

20. Paragraphs 1-19 are hereby realleged and incorporated herein by reference.

21. From May 6, 2013 when John Rose was forced to leave active employment, until the present, Mr. Rose remains unable to perform the material duties of his regular occupation or any occupation for which he is reasonably qualified based on his education, training or experience.

22. Mr. Rose provided the Defendants with ample medical evidence to verify his disability under The Washington Post Company Long Term Disability Plan (Plan Number 509).

23. The Defendants have intentionally and without reasonable justification denied Mr. Rose's long term disability benefits in violation of The Washington Post Long Term Disability Plan (Plan Number 509) and ERISA.

WHEREFORE, the Plaintiff, John Rose, requests that this Honorable Court enter Judgment:

A. Finding that John Rose is entitled to long term disability benefits and order the Defendants to pay the past due benefits.

B. Finding that John Rose is entitled to long term disability benefits and order the Defendants to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

s/Bridget O'Ryan
Bridget O'Ryan
Attorney for John Rose
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
Fax: (317) 255-1006
boryan@oryanlawfirm.com